HORTON, Chief Judge
(dissenting).
I respectfully dissent from the decision of the majority in this case.
The appellants are the owners by assignment of a chattel mortgage given by one John A. Peterson. The appellee is the owner of the chattels through a purchase from John A. Peterson. The chattel mortgage bears the date of September 2, 1958, and was recorded in the public records of Dade County, Florida, on the 23rd day of September, 1958. The appellee purchased the chattels on January 22, 1960, after complying with the provisions of the Florida Bulk Sales Law, F.S.A. § 726.01 et seq. In complying with the aforesaid law, the appellee obtained from John A. Peterson, the seller, an affidavit in which it was stated that all the fixtures, equipment, etc., had been paid for in full, despite the existence of the chattel mortgage then held by the appellants.
The original chattel mortgage indicated that the personal property was then located at 436 - 16th Street, Miami Beach, Florida, whereas the note secured thereby stated that the property was located at 426 - 16th *126 Street, Miami Beach, Florida. The appel-lee alleges that the chattels have always been located at 423 - 16th Street.
Upon a complaint to reform and foreclose the chattel mortgage, the chancellor entered a summary decree dismissing the cause with prejudice and declaring that the appellee was the owner free and clear of the lien of appellants’ mortgage. The appeal is from that decree.
Section 698.01, Fla.Stat., F.S.A., provides as follows:
"No chattel mortgage shall be valid or effectual against creditors or subsequent purchasers for a valuable consideration and without notice unless it be recorded, or unless the property included in it be delivered to the mortgagee and continue to remain truly and bona fide in his possession.”
The chattels described in the bill of complaint and covered by the mortgage are admitted by the appellee to be the same chattels which he purchased from John A. Peterson, located at 423 - 16th Street, Miami Beach. A cursory examination of the public records would have disclosed that the alleged owner, who was seeking at that time to sell the chattels to the appellee, had, prior thereto, executed a chattel mortgage and note encumbering the very property which he was attempting to sell. The fact that the chattels were not located at the place described in the chattel mortgage does not mean that they were not the same chattels owned by John A. Peterson and which were sought to be sold unencumbered to the appellee. A subsequent assignment of the chattel mortgage given by Peterson was recorded in the public records of Dade County, Florida, on September 23, 1958, and disclosed that the chattels intended to be covered by the mortgage were in fact located at 423-16th Street, but had been improperly described in the mortgage instrument as being at 436-16th Street.
The location was not being mortgaged; it was the chattels owned by the mortgagor that were being encumbered. Unless § 698.01, supra, has no meaning, then it is my opinion that the majority conclusion is incorrect and that the appellee is not a bona fide purchaser for value without notice. Accordingly, I would reverse the decree and remand the cause for further proceedings.